UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHRYN MARIE SEIDLER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON,<br><br>　　　　　　　Defendant. | CASE NO. C23-0816JLR<br><br>ORDER |

### I.   INTRODUCTION

Before the court is Defendant Amazon.com Services LLC's ("Amazon"[1]) motion to dismiss Plaintiff Kathryn Marie Seidler's amended complaint.  (2d MTD (Dkt. # 16); Reply (Dkt. # 23); *see also* Am. Compl. (Dkt. # 15).)  Ms. Seidler, who is proceeding *pro se*, opposes the motion.  (1st Decl. (Dkt. # 18); 2d Decl. (Dkt. # 21); 3d Decl. (Dkt.

//

---

[1] Amazon.com Services LLC was incorrectly named in this action as "Amazon."  (*See* Compl. (Dkt. # 1) at 1; *see also* 2d MTD (Dkt. # 16) at 1.)

# 22).)[2] The court has considered the motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[3] the court GRANTS Amazon's motion.

## II. BACKGROUND

The court incorporates into this order the facts as described in its October 19, 2023 order (*see* 10/19/23 Order (Dkt. # 14) at 2-4), and sets forth additional background and procedural history as follows.

On October 19, 2023, the court granted Amazon's motion to dismiss Ms. Seidler's original complaint. (*Id.* at 1-2.) The order granted Ms. Seidler "leave to file an amended complaint that cures the deficiencies with respect to her discrimination and retaliation claims" under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA") by no later than November 3, 2023. (*Id.* at 15.)

---

[2] The court considers Ms. Seidler's first three declarations together as constituting her response to Amazon's motion. Amazon moves to strike Ms. Seidler's declarations because they rely on material outside the pleadings. (Reply at 2-3); *see also* Fed. R. Civ. P. 12(d) ("If," on a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment."). The court DENIES Amazon's motion to strike and will consider Ms. Seidler's opposition papers to the extent they present arguments on matters within the pleadings; the court, however, will exclude from its consideration any material that touches on matters outside the pleadings.

Beyond the three declarations cited here, Ms. Seidler filed two additional declarations in opposition to Amazon's motion on December 13, 2023, and December 18, 2023, respectively. (*See* 4th Decl. (Dkt. # 24); 5th Decl. (Dkt. # 25).) Ms. Seidler's response papers were due by no later than December 6, 2023. (12/1/23 Order (Dkt. # 20) at 3.) Accordingly, the court will not consider Ms. Seidler's untimely declarations in its disposition of the motion.

[3] Neither party requests oral argument (*see generally* Mot.; 1st Decl.; 2d Decl.; 3d Decl.) and the court determines that oral argument would not be helpful in resolving the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Ms. Seidler timely filed an amended complaint, which raises new claims in addition to Ms. Seidler's existing claims. (*See generally* Am. Compl.) Those new claims include discrimination under 42 U.S.C. § 1981, breach of contract, and violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff *et seq.* ("GINA"), and two workers' compensation statutes: RCW 51.08.030 and RCW 51.32.025. (Am. Compl. at 5, 15, 34, 58, 75, 89.)

The facts relevant to Ms. Seidler's new claims are as follows. Ms. Seidler received certain health benefits in connection with her employment at Amazon, including a fertility benefit called "Progyny." (*Id.* at 6.) After Ms. Seidler abandoned her position at Amazon, she incurred significant COBRA[4] expenses in order to maintain her Progyny benefits. (*Id.* at 86, 117.)

At some point, Ms. Seidler injured herself while working at Amazon and initiated a workers' compensation claim. (*Id.* at 21, 114.) Her workers' compensation appeal is currently pending before the Board of Industrial Insurance Appeals. (*Id.* at 114.)

During her employment as a Sortation Associate, Ms. Seidler applied for several different safer and more senior roles within Amazon. (*Id.* at 37.) Ms. Seidler alleges that Amazon prohibited her from advancing within the company, even though she is qualified for corporate roles given her bachelor's degree in marketing and over five years of professional job experience. (*Id.* at 36-37.) She lists several positions at Amazon to which she applied but was rejected. (*Id.* at 58-59.) Ms. Seidler alleges she applied for a

---

[4] Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 *et seq.*

1   "Learning Ambassador" position but was rejected in favor of six men and two women,

2   "with both women having significantly less time and experience at Amazon than Ms.

3   Seidler." (*Id.* at 58.)  However, she also alleges that she "re-applied to Whole Foods and

4   has been accepted for overnight freight which is a start." (*Id.* at 60.)

5           In addition, although the original complaint appeared to reference only one Equal

6   Employment Opportunity Commission ("EEOC") charge filed in February 2023 (*see*

7   *generally* Compl. (Dkt. # 1); *see also* 10/19/23 Order at 3), the amended complaint

8   suggests Ms. Seidler filed multiple "EEOC complaints" and references a document

9   containing Amazon's statement of position with respect to a different and earlier EEOC

10  charge (*see* Am. Compl. at 9, 24).  Ms. Seidler apparently filed this first EEOC charge on

11  February 5, 2021.  (2d MTD at 6; Blatt Decl. (Dkt. # 17) ¶ 2; *id.* ¶ 2, Ex. 1 (first EEOC

12  charge).)  Although Ms. Seidler's amended complaint does not make it clear, Amazon

13  explains that the EEOC dismissed Ms. Seidler's first charge and issued a right to sue

14  letter on November 22, 2021.  (2d MTD at 7; Blatt Decl. ¶ 4; *id.* ¶ 4, Ex. 3 (first right to

15  sue notice).)  Ms. Seidler then filed her second EEOC charge on February 27, 2023; the

16  EEOC dismissed it and issued another right to sue letter the same day.  (Am. Compl. at

17  114; *see also* 10/19/23 Order at 3.)

18          The court granted Amazon's first motion to dismiss in part because Ms. Seidler's

19  February 27, 2023 EEOC charge was not timely filed and the original complaint

20  "allege[d] no facts suggesting that equitable doctrines such as waiver, estoppel, or tolling

21  render her EEOC charge timely." (10/19/23 Order at 7-8 (instructing that Ms. Seidler's

22  amended complaint must set forth "factual allegations that establish her EEOC charge

was rendered timely via waiver, estoppel, or tolling").)  The amended complaint contains new allegations that Ms. Seidler asserts are related to the timeliness of her EEOC charges.  (*See* Am. Compl. at 8 (introducing a "new section" addressing the court's order).).  These new allegations include:  "Amazon EEOC Position Statement was filed one day after [Ms. Seidler's] 51st birthday"; "Amazon was able to cut off workers compensation" and "obstruct any more time loss payments and or even employment in full"; "[d]elay has also been caused due to [Ms. Seidler's] 'essential worker' classification and the fact that [Ms. Seidler] was extremely vulnerable with no family present in the United States during border closures should she become ill in the pandemic"; "Amazon procured a detrimental reliance on the 12-month job abandonment clause and further delayed and inhibited Progyny during this time"; and "ongoing obstruction to the embryo."  (Am. Compl. at 8, 11, 13, 18-19.)

On November 15, 2023, Amazon moved to dismiss Ms. Seidler's amended complaint.  (*See generally* 2d MTD.)  Amazon argues that Ms. Seidler's claims under Title VII, the ADA, the ADEA, and GINA are barred by her failure (1) to timely file suit after receiving the right to sue letter following her first EEOC charge, and (2) to timely file her second EEOC charge within 300 days of the conduct complained of.  (MTD at 8-9.)  Amazon also argues that Ms. Seidler fails to state a claim for breach of contract and for violations of GINA, the Equal Pay Act, and Section 1981.  (*Id.* at 12-15.)  Finally, Amazon argues that the court lacks jurisdiction to consider Ms. Seidler's new claims under RCW 51.08.030 and RCW 51.32.025.  (*Id.* at 13-14.)

//

### III. ANALYSIS

The court sets forth the legal standard governing dismissal before turning to Amazon's motion to dismiss.

#### A. Legal Standard

Because Ms. Seidler is a *pro se* Plaintiff, the court must construe her pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring the plaintiff to provide "a short and plain statement of the claiming showing that the pleader is entitled to relief"). Under this standard, the court construes the allegations in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court need not accept as true legal conclusions, "formulaic recitation[s] of the legal elements of a cause of action," *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the pleading standard announced by Federal Rule of Civil

Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also* Fed. R. Civ. P. 8(a).

**B.    Amazon's Motion to Dismiss**

The court addresses Ms. Seidler's claims in turn, below.

1. Title VII, the ADA, the ADEA, and GINA

To bring claims under Title VII, the ADA, the ADEA, and GINA, a plaintiff must exhaust her administrative remedies with the EEOC prior to filing suit. 42 U.S.C. § 2000e-5(e)(2) (Title VII); 42 U.S.C. § 12117 (the ADA, incorporating Title VII's enforcement procedures); 29 U.S.C. § 626(d)(1) (the ADEA); 42 U.S.C. § 2000ff-6 (GINA, incorporating Title VII's enforcement procedures). In Washington, a plaintiff fails to properly exhaust her remedies if she either files her EEOC charge more than 300 days after the employer's allegedly unlawful conduct, or if she files suit more than 90 days after receiving a right to sue notice from the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1) (Title VII); 29 U.S.C. § 626(d)(1), (e) (GINA); *see also, e.g.*, *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1088 (9th Cir. 2006) (affirming dismissal of Title VII claims where the plaintiff failed to timely file an EEOC charge). These time requirements are subject to waiver, estoppel, and equitable tolling. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1008-09 (9th Cir. 2011) (time limit to file EEOC charge); *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990) (time limit to file suit).

Ms. Seidler failed to properly exhaust her EEOC remedies. Ms. Seidler filed her first EEOC charge on February 5, 2021, and received a right to sue notice on November

22, 2021.  (Blatt Decl. ¶ 2, Ex. 1 (EEOC charge dated February 5, 2021); Blatt Decl. ¶ 4, Ex. 3 (EEOC right to sue notice dated November 22, 2021, dismissing Ms. Seidler's first EEOC charge)[5]; *see also* MTD at 8-9.)  As a result, this action is not timely because Ms. Seidler did not file her original complaint until May 30, 2023—well over 90 days after receiving the right to sue letter.  (*See generally* Compl.)  Regarding Ms. Seidler's second EEOC charge, the court has already concluded that this charge was not timely filed within 300 days of Amazon's allegedly unlawful conduct.  (10/19/23 Order at 6-8.)  Accordingly, the court must dismiss Ms. Seidler's discrimination and retaliation claims under Title VII, the ADA, the ADEA, and GINA unless she has pleaded facts demonstrating that equitable principles such as waiver, estoppel, or tolling apply.  This she has failed to do.

For example, Ms. Seidler claims that Amazon obstructed access to her Progyny health benefits, embryo, and time loss payments (Am. Compl. at 11, 19), and further that Amazon filed its EEOC position statement one day after Ms. Seidler's birthday (*id.* at 8), but these allegations fall short of suggesting that Amazon prevented Ms. Seidler from timely filing this suit.  *See, e.g.*, *Johnson*, 653 F.3d at 1009 (explaining that the doctrine of equitable estoppel "'focuses primarily on the actions taken by the defendant in

---

[5] "[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *see also Gobin v. Microsoft Corp.*, No. C20-1044MJP, 2021 WL 148395, at *2 (W.D. Wash. Jan. 15, 2021) (taking judicial notice of EEOC documents in a Title VII action).  Because Ms. Seidler raises claims that require EEOC exhaustion, her complaint necessarily relies upon these documents, the authenticity of which she does not contest.  (*See generally* 1st Del.; 2d Decl.; 3d Decl.)  The court therefore takes judicial notice of (1) the February 25, 2021 EEOC charge, and (2) the November 22, 2021 right to sue notice.  (*See* Blatt Decl. ¶ 2, Ex. 1; *id.* ¶ 4, Ex. 3.)

preventing a plaintiff from filing suit.'" (quoting *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002))). Ms. Seidler also claims she was "extremely vulnerable" without family in the United States during the pandemic (Am. Compl. at 18), but this allegation does not demonstrate excusable neglect. *See, e.g.*, *Forester v. Chertoff*, 500 F.3d 920, 930 (9th Cir. 2007) ("Equitable tolling is appropriate where there is 'excusable ignorance of the limitations period and [a] lack of prejudice to the defendant'" (quoting *Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir. 1981))). And Ms. Seidler has pleaded no facts suggesting that waiver somehow renders this suit or her second EEOC charge timely. (*See generally* Am. Compl.); *see also, e.g.*, *Green v. L.A. Cnty. Superintendent of Sch.*, 883 F.2d 1472, 1480 (9th Cir. 1989) (holding EEOC charge was timely filed based on local agency's waiver of jurisdiction).

Because Ms. Seidler failed to properly exhaust her EEOC remedies and the equitable doctrines of waiver, estoppel, and tolling do not apply, the court DISMISSES Ms. Seidler's discrimination and retaliation claims under Title VII, the ADA, the ADEA, and GINA with prejudice.

2. Equal Pay Act

The amended complaint raises a new claim for gender-based wage discrimination under the Equal Pay Act. (Am. Compl. at 75-88.) The Equal Pay Act prohibits discrimination in employment "on the basis of sex" by paying disparate wages "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d). "In an Equal Pay Act case, the plaintiff has the burden of establishing a prima facie case of

discrimination by showing that employees of the opposite sex were paid different wages for equal work." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073-74 (9th Cir. 1999). The plaintiff need only show that the jobs in question are substantially equal, not identical. *Id.* at 1074.

Ms. Seidler's allegations related to the Equal Pay Act fall short of minimum pleading requirements. The amended complaint alleges that male employees were more likely to accept overtime assignments due to the strenuous and dangerous nature of the work and therefore received more pay because they worked more hours. (*See* Am. Compl. at 29, 75-76.) Ms. Seidler does *not* claim that she was paid at a different hourly or overtime rate than male colleagues for equal work, as is required to state a claim under the Equal Pay Act. *Stanley*, 178 F.3d at 1073-74. Accordingly, the court DISMISSES Ms. Seidler's claim under the Equal Pay Act without prejudice. If Ms. Seidler wishes to continue pursuing this claim, she must file a second amended complaint setting forth factual allegations plausibly showing that Amazon paid her different wages than male colleagues for substantially similar work.

3. 42 U.S.C. § 1981

The court liberally construes the amended complaint to raise a new claim under 42 U.S.C. § 1981. (*See* Am. Compl. at 5, 15.) Section 1981 proscribes racial discrimination in the making and enforcement of private contracts. *See* 42 U.S.C. § 1981(a) ("All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ."). Section 1981 "prohibits private racial discrimination against white

persons as well as nonwhites," *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989), but does not protect against discrimination on the basis of national origin, *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987).  In the employment context, Section 1981 bars only certain types of adverse employment actions rooted in the employer-employee contractual relationship, like the decision to hire. *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-182 (1989) (explaining that claims alleging discriminatory employment conditions are not actionable under Section 1981).  Moreover, only purposeful discrimination violates Section 1981. *Gen. Bldg. Contractor's Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982).

   A Section 1981 plaintiff can establish a *prima facie* case of intentional discrimination under the *McDonnell Douglas* burden-shifting framework. *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  To do so, the plaintiff must show that (1) she "belongs to a racial minority," (2) she "applied and was qualified for a job for which the employer was seeking applicants," (3) despite her qualifications, she was rejected, and (4) after her rejection, "the position remained open and the employer continued to seek applicants from persons of [the plaintiff's] qualifications." *Id.* at 1144 n.2 (quoting *McDonnell Douglas*, 411 U.S. at 802); *see also Williams v. Edward Apffels Coffee Co.*, 792 F.2d 1482, 1485 (9th Cir. 1986) ("[I]t is enough, for purposes of the fourth *McDonnell Douglas* requirement, that the position remained open after the qualified candidate applied for the job, and that someone else was ultimately selected.").  In "reverse discrimination" cases brought by white plaintiffs, however, courts have modified

the first *McDonnell Douglas* element by instead requiring a white plaintiff "to establish background circumstances sufficient to demonstrate that the particular employer has reason or inclination to discriminate invidiously against whites or evidence that there is something 'fishy' about the facts at hand." *Hague v. Thompson Distrb. Co.*, 436 F.3d 816, 821 (7th Cir. 2006) (cleaned up) (collecting cases).

Ms. Seidler has not pleaded sufficient facts to state a claim for intentional race-based discrimination under Section 1981. Although the amended complaint lists several positions at Amazon from which Ms. Seidler was rejected (Am. Compl. at 58-59) and describes her qualifications for those roles, including a bachelor's degree in marketing and over five years of "professional experience" (*id.* at 36-37), Ms. Seidler makes no allegation that she was rejected from these roles because of her race (*see generally id.*). Rather, she alleges she was rejected from these positions as a result of "ongoing" but unspecified "retaliation." (*Id.* at 58 (capitalization altered).) The court cannot discern any background circumstances suggesting that Amazon may have invidiously discriminated against Ms. Seidler because she is white. *See Hague*, 436 F.3d at 821; (*see also* Am. Compl. at 42 (alleging that Ms. Seidler "is of European descent").) Indeed, Ms. Seidler's allegation that she "re-applied to Whole Foods and has been accepted for overnight freight" tends to negate any possible inference that Amazon has refused to hire Ms. Seidler based on her race. (Am. Compl. at 60.) Moreover, with respect to all but one of the listed positions, Ms. Seidler fails to explain whether Amazon continued to seek or hired other applicants with similar qualifications after she was rejected. (*Id.* at 58-59 (alleging that Amazon rejected Ms. Seidler for a "Learning

1  Ambassador" role in favor of two "women having significantly less time and experience
2  at Amazon than Ms. Seidler," but failing to explain whether Amazon filled other roles
3  from which Ms. Seidler was rejected).)

4  Accordingly, the court DISMISSES Ms. Seidler's Section 1981 claim without
5  prejudice.  If Ms. Seidler wishes to continue pursuing this claim, she must file a second
6  amended complaint setting forth specific facts demonstrating that Amazon refused to hire
7  her because of her race.  Ms. Seidler's factual allegations must:  (1) identify the positions
8  at Amazon to which she applied and was rejected; (2) explain whether Amazon
9  ultimately offered those positions to other candidates with similar or lesser qualifications;
10 and (3) demonstrate background circumstances that tend to show Amazon's inclination to
11 discriminate invidiously against white applicants.  *Lindsey*, 447 F.3d at 1144 & n.2;
12 *Hague*, 436 F.3d at 821.

### 4. Breach of Contract

14 Ms. Seidler next raises new claims for "breaches of [her] employment contract."
15 (Am. Compl. at 34 (capitalization altered).)  The court, however, cannot discern the
16 factual basis supporting a breach of contract claim.  Generally, "[i]n a breach of contract
17 action, the plaintiff must prove that a valid agreement existed between the parties, the
18 agreement was breached, and the plaintiff was damaged."  *Univ. of Wash. v. Gov't Emps.*
19 *Ins. Co.*, 404 P.3d 559, 566 (Wash. Ct. App. 2017); *see also Kloss v. Honeywell, Inc.*, 890
20 P.2d 480, 483 (Wash. Ct. App. 1995) ("Employment contracts are governed by the same
21 rules as other contracts.").  Here, Ms. Seidler alleges her employment contract was
22 "void" and that Amazon "effectively reformed" the contract.  (Am. Compl. at 35-36.)

1   Because Ms. Seidler claims there was no valid employment contract, it is not clear

2   whether or how she alleges that Amazon breached its contractual obligations to her.

3   Moreover, contract reformation is a remedy—not a cause of action.  *See, e.g.*, *Mut. of*

4   *Enumclaw Ins. Co. v. Day*, 393 P.3d 786, 770 (Wash. Ct. App. 2017).

5        Relatedly, the amended complaint references Ms. Seidler's "detrimental reliance"

6   with respect to her Progyny health benefits.  (*Id.* at 5, 7, 19, 89).  Under Washington law,

7   detrimental reliance is an element of promissory estoppel.  *See, e.g.*, *Uznay v. Bevis*, 161

8   P.3d 1040, 1046 (Wash. Ct. App. 2007).  Promissory estoppel may form the basis of a

9   plaintiff's claim for damages.  *See Klinke v. Famous Recipe Fried Chicken, Inc.*, 616

10  P.2d 644, 646 (Wash. 1980) (citing *Tiffany Inc. v. W.M.K. Transit Mix, Inc.*, 493 P.2d

11  1220, 1224 (Ariz. Ct. App. 1972)) (explaining that, unlike equitable estoppel, promissory

12  estoppel "can be used as a 'sword' in a cause of action for damages").  "The purpose of

13  promissory estoppel is 'to make a promise binding, under certain circumstances, without

14  consideration in the usual sense of something bargained for and given in exchange.'"  *Id.*

15  at 648 n.4 (quoting *Raedeke v. Gibraltar Sav. & Loan Ass'n*, 517 P.2d 1157, 1161 (Cal.

16  1975)); *see also Westcott v. Wells Fargo Bank, N.A.*, 862 F. Supp. 2d 1111, 1116 (W.D.

17  Wash. 2012) ("Promissory estoppel does not apply where a contract governs." (citing

18  *Klinke*, 616 P.2d at 648 n.4)).  The elements of promissory estoppel include:  "(1) A

19  promise which (2) the promisor should reasonably expect to cause the promisee to

20  change [her] position and (3) which does cause the promise to change [her] position

21  (4) justifiably relying on the promise, in such a manner that (5) injustice can be avoided

22  //

only by enforcement of the promise." *Id.* at 646 n.2 (quoting *Cobit v. J.I. Case Co.*, 424 P.2d 290, 300 (Wash. 1967)).

Even if the court construed the amended complaint as raising a cause of action for promissory estoppel, a liberal reading of the complaint does not reveal the factual basis supporting such a claim. At most, it appears that: Ms. Seidler accepted employment at Amazon (even though she alleges her employment contract was void); Ms. Seidler worked at Amazon and received Progyny health benefits during her employment; at some point, Ms. Seidler abandoned her role at Amazon; and after leaving Amazon, Ms. Seidler incurred COBRA expenses in order to maintain her health benefits. (*See* Am. Compl. at 6-7, 58, 86.) These allegations are insufficient to state a claim for promissory estoppel because it is apparent that Ms. Seidler bargained for and received Progyny health benefits as a condition of her employment. In other words, Amazon's promise to provide health benefits was supported by consideration, and the doctrine of promissory estoppel does not apply. *Klinke*, 616 P.2d at 648 n.4; *Westcott*, 862 F. Supp. 2d at 1116. Even if promissory estoppel could apply, Ms. Seidler has not pleaded any circumstances tending to show that "injustice can be avoided only by enforcement of the promise." *Klinke*, 616 P.2d at 259 n.2 (quoting *Cobit*, 424 P.2d at 300).

Accordingly, the court DISMISSES Ms. Seidler's contractual claims without prejudice. If Ms. Seidler wishes to continue pursuing a breach of contract claim, she must plead facts showing that a valid employment contract existed between her and Amazon, that Amazon breached the employment contract, and that she was damaged as a result. *Univ. of Wash.*, 404 P.3d at 566. Ms. Seidler must describe the specific

contractual term(s) that she claims Amazon breached, as well Amazon's specific conduct that gave rise to its alleged breach. Alternatively, if Ms. Seidler wishes to continue pursuing a promissory estoppel claim, she must plead facts demonstrating that Amazon made a promise without supporting consideration, that she justifiably and detrimentally relied on Amazon's promise, and that circumstances exist such that injustice can be avoided only by enforcement of the promise. *Klinke*, 616 P.2d at 259 n.2.

5. <u>Workers' Compensation</u>

Finally, the amended complaint appears to assert new workers' compensation claims under RCW 51.08.030 and RCW 51.32.025. (Am. Compl. at 5, 17.) The complaint also repeatedly references Ms. Seidler's pending appeal before the Board of Industrial Insurance. (*Id.* at 17-18, 39, 114.) To the extent the amended complaint can be liberally construed as raising new workers' compensation claims or appealing Ms. Seidler's existing workers' compensation claims, the court dismisses those claims with prejudice.

RCW 51.08.030 and RCW 51.32.025 relate to the right of a deceased or permanently disabled person's child to collect workers' compensation payments. *See* RCW 51.32.025 (stating that such payments generally cease when the child turns age eighteen); RCW 51.08.030 (defining "child"). Neither statute provides a private cause of action for the recovery of workers' compensation payments. *See generally* RCW 51.32.025; RCW 51.08.030. Moreover, the Washington legislature expressly abolished the courts' jurisdiction to hear workers' compensation matters, conferring such jurisdiction to the Director of Labor and Industries. *See* RCW 51.04.010 ("[A]ll civil

actions and civil causes of action for [work-related] personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided."); RCW 51.04.020 (describing the powers and duties of the director). Appeals of workers' compensation matters are heard by the Board of Industrial Insurance, whose decisions can be appealed to the Washington superior courts. *See* RCW 51.52.010; RCW 51.52.110. This court therefore lacks jurisdiction to consider Ms. Seidler's right, if any, to workers' compensation in connection with her pending appeal. For that reason, and because neither RCW 51.08.030 nor RCW 51.32.025 create a private right of action, the court DISMISSES Ms. Seidler's workers' compensation claims with prejudice.

**C.     Leave to Amend**

It is generally the policy of the Ninth Circuit "to permit amendment with 'extreme liberality.'" *Chodos v. W. Pub'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). "'Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000)); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (stating that the court should not dismiss a *pro se* complaint "without leave to amend 'unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment'" (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam))).

//

1    The court has already afforded Ms. Seidler the opportunity to file an amended
2 complaint that cures the deficiencies that the court previously identified with respect to
3 Ms. Seidler's exhaustion of her EEOC remedies, but she has failed to do so. (*See*
4 10/19/23 Order at 15; *supra* § III(B)(1).) It is therefore clear that Ms. Seidler's
5 discrimination and retaliation claims under Title VII, the ADA, the ADEA, and GINA
6 cannot be cured by amendment and the court DISMISSES these claims with prejudice
7 and without leave to amend. *Akhtar*, 698 F.3d at 1212. Moreover, Ms. Seidler's new
8 workers' compensation claims fail as a matter of law (*supra* § III(B)(1)), and the court
9 therefore DISMISSES these claims with prejudice and without leave to amend.

10   However, although Ms. Seidler has failed to plausibly plead her claims under the
11 Equal Pay Act, Section 1981, and for breach of contract, the court cannot conclude that
12 these claims "could not possibly be cured by the allegation of other facts." *Ramirez*, 334
13 F.3d at 861 (quoting *Lopez*, 203 F.3d at 1130-31). Because Ms. Seidler is a *pro se*
14 plaintiff, and in light of the Ninth Circuit's policy of "extreme liberality" with regard to
15 amendment, *Chodos*, 292 F.3d at 1003, the court GRANTS Ms. Seidler leave to file a
16 second amended complaint that cures the deficiencies identified in this order with respect
17 to the following claims: (1) sex discrimination under the Equal Pay Act; (2) racial
18 discrimination under 42 U.S.C. § 1981; and (3) breach of contract and/or promissory
19 estoppel.[6] Ms. Seidler shall file her second amended complaint, if any, no later than

---

[6] To be clear, the court's leave is expressly limited to Ms. Seidler's claims under the Equal Pay Act, Section 1981, and for breach of contract and/or promissory estoppel. If Ms. Seidler chooses to file a second amended complaint, she may not add new claims. Any new

**January 30, 2024**. If Ms. Seidler fails to timely comply with this order or fails to file a second amended complaint that remedies the deficiencies discussed in this order, the court will dismiss her complaint without leave to amend and close this case.

### IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Amazon's motion to dismiss (Dkt. # 16).

Dated this 9th day of January, 2024.

JAMES L. ROBART
United States District Judge

---

claims appearing in Ms. Seidler's second amended complaint will not be considered and will be dismissed without prejudice.