UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHRYN MARIE SEIDLER,

                Plaintiff,

      v.

AMAZON,

                Defendant.

CASE NO. C23-0816JLR

ORDER

Before the court is *pro se* Plaintiff Kathryn Marie Seidler's "motion with declaration of plaintiff in support of further continuance/directions due to workers compensation appeal/s," which the court construes as a motion to stay these proceedings. (Mot. (Dkt. # 27); 2/2/24 Decl. (Dkt. # 29); 2/5/24 Decl. (Dkt. # 31); 1st 2/9/24 Decl. (Dkt. # 32); 2d 2/9/24 Decl. (Dkt. # 34).) Defendant Amazon.com Services LLC ("Amazon"[1]) opposes the motion. (Resp. (Dkt. # 30); Surreply (Dkt. # 33).) The court

---

[1] Amazon.com Services LLC was incorrectly named in this action as "Amazon." (*See* Compl. (Dkt. # 1) at 1; *see also* 2d MTD (Dkt. # 16) at 1.)

ORDER - 1

1  has considered the motion, the parties' submissions in support of and in opposition to the

2  motion,[2] the relevant portions of the record, and the applicable law.  Being fully advised,[3]

3  the court DENIES Ms. Seidler's motion (Dkt. # 27) and DISMISSES Ms. Seidler's

4  amended complaint (Dkt. # 15) with prejudice and without leave to amend.

5        The court sets forth the relevant background and procedural history as follows.

6  Ms. Seidler filed her initial complaint on May 30, 2023, asserting various claims

7  stemming from her employment at Amazon.  (*See generally* Compl. (Dkt. # 1).)  Amazon

8  moved to dismiss the complaint.  (1st MTD (Dkt. # 10).)  The court granted Amazon's

9  motion but gave Ms. Seidler leave to file an amended complaint.  (10/19/23 Order (Dkt.

10  # 14) at 15.)  Ms. Seidler timely filed an amended complaint in which she reasserted

11  certain claims and raised other new claims, including new workers' compensation claims.

12  (*See generally* Am. Compl. (Dkt. # 15); *see id.* at 5, 17 (purporting to raise claims under

13  RCW 51.08.030 and RCW 51.32.025 and referencing a pending workers' compensation

14  appeal).)

15        Amazon again moved to dismiss the complaint (2d MTD (Dkt. # 16)), which the

16  court again granted (1/9/24 Order (Dkt. # 26)).  Relevant here, the court dismissed Ms.

17  Seidler's workers' compensation claims with prejudice because the court "lack[ed]

---

[2] The court DENIES Amazon's request to strike Ms. Seidler's declaration.  (*See* Surreply at 2 ("Under LCR 7, the briefing on the motion was considered complete when Plaintiff filed her Third Declaration, which was her reply.  Plaintiff then filed the Fourth Declaration . . . which is not permitted under the Court's rules and therefore, should be stricken."); *see also* 1st 2/9/24 Decl.)  Nothing in the Local Civil Rules prohibits the filing of multiple declarations in reply.

[3] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court determines that oral argument would not aid in its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1  jurisdiction to consider Ms. Seidler's right, if any, to workers' compensation in
2  connection with her pending appeal" and because "neither RCW 51.08.030 nor RCW
3  51.32.025 create a private right of action." (*Id.* at 16-17.)  The court afforded Ms. Seidler
4  another opportunity to file an amended complaint, but expressly limited its leave "to Ms.
5  Seidler's claims under the Equal Pay Act, Section 1981, and for breach of contract and/or
6  promissory estoppel." (*Id.* at 18 & n.6.)  Ms. Seidler was required to file her second
7  amended complaint, if any, by no later than January 30, 2024. (*Id.* at 18-19.)  The court
8  warned that if Ms. Seidler "fail[ed] to file a second amended complaint that remedie[d]
9  the deficiencies discussed in [the court's January 9, 2024] order, the court w[ould]
10 dismiss her complaint without leave to amend and close this case." (*Id.* at 19.)

11         Although Ms. Seidler has not filed a second amended complaint (*see generally*
12 Dkt.), on January 30, 2024, she filed the instant "motion with declaration of plaintiff in
13 support of further continuance/directions due to workers compensation appeal/s." (Mot.
14 at 1.)  As noted, the court construes Ms. Seidler's motion as one seeking a stay of this
15 matter.  Ms. Seidler requests a stay "until at least after 16 February 2024," apparently
16 because she expects Washington's Board of Industrial Insurance Appeals to render a
17 decision on "time loss payments" in her pending workers' compensation appeal on that
18 date. (2/5/24 Decl. ¶ 3; *see also* Mot. at 2.)  Amazon argues the court should deny the
19 motion because Ms. Seidler's reasons for seeking a stay "are not germane to the three
20 claims the Court granted [Ms. Seidler] leave to replead" and because a stay will prejudice
21 Amazon by "caus[ing] it to continue to incur unnecessary litigation expenses defending
22 against new claims [Ms. Seidler] may attempt to plead in violation of the Court's

1  [January 9, 2024] order." (Resp. at 3-4.)  Amazon also asks the court to dismiss this case
2  with prejudice "based on [Ms. Seidler]'s failure to file a timely second amended
3  complaint within the parameters ordered by the Court." (*Id.* at 4.)

4        This court "has broad discretion to stay proceedings as an incident to its power to
5  control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  "The proponent of
6  a stay bears the burden of establishing its need." *Id.* at 708.  The court agrees with
7  Amazon that Ms. Seidler fails to meet her burden.  The court has already dismissed Ms.
8  Seidler's workers' compensation claims with prejudice and Ms. Seidler's pending
9  workers' compensation proceeding therefore has no bearing on this matter.  Ms. Seidler
10 argues that the calculation of time loss payments in her workers' compensation appeal
11 will aid in her pleading of a claim under the Equal Pay Act (*see* Mot. at 2), but she is
12 wrong.  As Amazon explains, time loss benefits reflect "the amount of pay to which [Ms.
13 Seidler] is entitled for missed work time," which is "calculated pursuant to a formula
14 adopted under the workers' compensation statutes." (Resp. at 4); *see, e.g.*, RCW
15 51.08.178 (governing computation of wage replacement benefits).  By contrast, a claim
16 under the Equal Pay Act requires a plaintiff to show "that employees of the opposite sex
17 were paid different wages for equal work." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069,
18 1073-74 (9th Cir. 1999).  Any time loss benefits that Ms. Seidler may receive would not
19 show that she received different wages than male Amazon employees for equal work—
20 the issues are entirely separate and distinct.  Nor would a decision in Ms. Seidler's
21 pending workers' compensation appeal have any impact on her ability to file a second
22 amended complaint stating claims for breach of contract, promissory estoppel, or race

discrimination under 42 U.S.C. § 1981.  Ms. Seidler raises other arguments in support of her motion (*see generally* Mot.; 2/2/24 Decl.; 2/5/24 Decl.; 1st 2/9/24 Decl.; 2d 2/9/24 Decl.), but upon careful review, the court determines that none warrant a stay.

Accordingly, the court DENIES Ms. Seidler's motion (Dkt. # 27).  Because Ms. Seidler failed to file a second amended complaint as directed in the court's January 9, 2024 order, the court DISMISSES this matter with prejudice.  The Clerk is DIRECTED to close this case.

Dated this 12th day of February, 2024.

JAMES L. ROBART
United States District Judge