UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHRYN MARIE SEIDLER,<br><br>               Plaintiff,<br><br>   v.<br><br>AMAZON,<br><br>               Defendant. | CASE NO. C23-0816JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Kathryn Marie Seidler's "motion with declaration of plaintiff in support of further continuance:  health related reasons; and Request to vacate closing of the case on 12 Feb 24," which the court construes as a motion for reconsideration of its February 12, 2024 order denying Ms. Seidler's motion to stay these proceedings and dismissing this matter with prejudice for failure to state a claim.  (Mot. (Dkt. # 37); *see also* 2/12/24 Order (Dkt. # 35).)

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a

ORDER - 1

showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). "Reconsideration is an extraordinary remedy," and the moving party bears a "heavy burden." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Here, Ms. Seidler seeks reconsideration solely because she "is and was experiencing 'fogginess' due to menopausal symptoms" and hormonal therapy. (Seidler Decl. (Dkt. # 37-1) at 2 (quoting *id.*, Ex. 27 (physician encounter notes dated December 21, 2023)); *see also* Mot. at 2.) Ms. Seidler fails to raise any new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. Indeed, Ms. Seidler acknowledges that she could have brought this matter to the court's attention sooner, yet she elected not to. (*See id.* at 2 (explaining she had not previously raised this issue because she "did not want to publicize [her health condition] Federally").) Moreover, Ms. Seidler makes no claim that menopausal brain fog rendered her unable to participate in this case such that a stay was warranted, nor does she explain why her health condition otherwise justifies reconsideration. (*See generally* Mot.; Seidler Decl.) Ms. Seidler therefore fails to carry her heavy burden to demonstrate why the court should reconsider its February 12, 2024 order.

Accordingly, the court DENIES Ms. Seidler's motion for reconsideration (Dkt. # 35).

Dated this 13th day of February, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 2